NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN J. BOQUIST,

Plaintiff-Appellant,

v.

PETER COURTNEY, Oregon State
Senate President, in his official capacity;
FLOYD PROZANSKI, Senator, in his
official capacity as Chairman of the Senate
Special Committee on Conduct; JAMES
MANNING, Senator, in his official
capacity as member of the Special Senate
Conduct Committee; DEXTER
JOHNSON, in his official capacity as
Legislative Counsel; JESSICA
KNIELING, in her official capacity as
interim Human Resources Director;
BRENDA KAY BAUMGART, in her
official capacity as contract investigators
to the Oregon State Senate; DARON
HILL, in his official Legislative
Administration capacity; MELISSA J.
HEALY, in her official capacity as
contract investigators to the Oregon State
Senate, and all in their official capacities in
the Legislative Branch of the State of

No.    20-35080

D.C. No. 6:19-cv-01163-MC

MEMORANDUM[*]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Oregon,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 6, 2021[**]
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Plaintiff-Appellant Brian J. Boquist appeals from the district court's order dismissing his complaint against the defendants, who are Oregon state senators, senate aides, and contractors hired by the state senate. We have jurisdiction under 28 U.S.C. § 1291.[1]

The district court lacked jurisdiction over Boquist's claims for declaratory relief against defendants for violations of Section 26, Article I, Bill of Rights, of the Oregon Constitution; Article IV, Section 9 of the Oregon Constitution; and other unspecified provisions of the Oregon Constitution. Such claims are barred

_____

[**] We previously granted appellant's motion to submit this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] In an opinion filed concurrently with this memorandum, *see* __ F.4th __ (9th Cir. 2022), we reverse the district court's dismissal of Boquist's First Amendment retaliation claim against defendants Peter Courtney, Floyd Prozanski, and James Manning.

by the Eleventh Amendment.[2] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Boquist failed to state a claim for a violation of his rights under the Due Process Clause. *See Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010) (per curiam). Boquist has not identified any right to be given advance notice of an investigation into his conduct, and therefore Boquist's claim that defendants "conduct[ed] a secret investigation" of his conduct does not plausibly allege a deprivation of a liberty interest. *Cf. United States v. Washington*, 431 U.S. 181, 189 (1977) (holding that grand jury witnesses have no due process right to be informed that they are a target of the grand jury investigation). Boquist's allegation that defendants asked the governor to order the arrest of absent senators does not raise a due process claim because Boquist was not arrested and so was not deprived of any liberty interest. Finally, Boquist's allegation that he tendered a $3,500 check to pay a fine for his absence from the state senate does not state a due process claim because the check was never cashed and was instead returned to

_____

[2] To the extent Boquist claims that provisions of the Oregon Constitution conflict with the U.S. Constitution, neither his complaint nor brief on appeal distinctly identifies the specific provisions in conflict. Therefore, we do not address these claims. *See Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

Boquist.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that there is no due process violation "until and unless [the state] . . . refuses to provide a suitable postdeprivation remedy").

Boquist also failed to state any substantive claims against non-legislator defendants Dexter Johnson, Jessica Knieling, Daron Hill, Brenda Baumgart, and Melissa Healy.  Although Boquist alleges that those defendants advised the legislator defendants to request Boquist's arrest or restrict Boquist's access to the State Capitol, the complaint fails to raise a plausible inference that these non-legislator defendants controlled or directed the legislators, or that the legislators were merely a conduit for the will of the non-legislators.  *See Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981).  Because the harm to Boquist can "be traced more directly to an intervening actor" than to the non-legislator defendants, Boquist failed to state any substantive claim against the non-legislator defendants.[3]  *Stoot v. City of Everett*, 582 F.3d 910, 926 (9th Cir. 2009).

Finally, the district court did not abuse its discretion in denying Boquist leave to amend, because Boquist does not identify what new facts he would plead

[3] Boquist's argument that he stated a claim against the non-legislator defendants because he sued them in their official capacities is unavailing.  Even where a plaintiff names a defendant in her official capacity, the plaintiff must still establish that the defendant caused the alleged deprivation of constitutional rights.  *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

to cure the deficiencies in his complaint. *See Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009).

**AFFIRMED IN PART.**